UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS CRUESOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV538 RWS |
| ) | |
| MERS/MISSOURI GOODWILL ) | |
| INDUSTRIES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant MERS / Goodwill's Bill of Costs. Plaintiff Curtis Cruesoe has not filed an objection to MERS' bill of costs. After a review of MERS' request I will grant in part and deny in part its bill of costs.

MERS prevailed in this suit by receiving a judgment in its favor. The presumption under Fed. R. Civ. P. 54 (d) is that the prevailing party is entitled to costs. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). Under Title 28 U.S.C. § 1920 the Court may tax costs for, among other items, the following: (1) fees of the clerk and of the marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case.

As the prevailing party in this case MERS is entitled to the award of its costs which qualify for reimbursement. In order to receive an award of costs, documentation for each request must be filed with the bill of costs. See Bill of Costs form Special Note.

MERS seeks to have the following costs taxed to the Plaintiff Curtis Cruesoe:

| | |
|---|---:|
| Fees of Court Reporter (Rule 16 Transcript) | $ 88.00 |
| Fees for Exemplification and copies of papers | 451.25 |
| Fees of the Court Reporter (Cruesoe Deposition) | 2,269.55 |
| | $2,808.90 |

MERS seeks to recover the fee of $88.00 it incurred to obtain a copy of transcript of the Rule 16 conference in this matter. That transcript was used in support of MERS' opposition to Cruesoe's motion to reverse summary judgment. I find that this fee is recoverable.

MERS seeks $451.25 for its copying costs of documents that it produced to Cruesoe in discovery and of exhibits in support of its summary judgment motion. These costs are also recoverable.

MERS seeks to recover the costs associated with its deposition of Cruesoe. Deposition cost are recoverable even if the deposition was not used at trial as long as the deposition was necessarily obtained for use in the case. <u>Zotos v. Lindbergh School District</u>, 121 F.3d 356, 363 (8th Cir. 1997). These fees are treated as fees of the Court reporter under 28 U.S.C. § 1920(2). <u>See</u> 10 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Costs § 2676 at 433 (3d ed.1998).

MERS seeks $2,269.65 for this deposition which includes $1,028.50 for a video copy of the deposition. I find that a video tape of Cruesoe's deposition was not necessarily obtained for use in this case. The written transcript was more than sufficient for use in this matter. As a result I will allow only $1,241.15 to be recovered as costs for Cruesoe's depostion.

In sum, I will grant MERS costs of $451.25 for copies of papers, $88.00 for court reporter

fees associated with the Rule 16 transcript, and $1,241.15 for court reporter fees associated with the deposition of Cruesoe for a total of $1,780.40.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant MERS / Goodwill's Bill of Costs [#86] is granted in part and denied in part, and that the Clerk shall tax the sum of $1,780.40 against Plaintiff Curtis Cruesoe.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2007.